IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HELIX MICROINNOVATIONS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MICROCHIP TECHNOLOGY INCORPORATED,<br><br>Defendant. | Case No. 2:24-cv-00630-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MICROCHIP TECHNOLOGY INC.'S MOTION TO DISMISS
<u>PURSUANT TO RULE 12(b)(3)</u>**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant Microchip Technology Inc. ("Microchip") moves to dismiss Helix Microinnovations LLC's ("Helix's") Complaint for improper venue.

**I.   INTRODUCTION**

On August 4, 2024, Helix brought this suit against Microchip alleging infringement of one patent.  In the complaint, Helix concedes Microchip is a Delaware corporation and maintains an established place of business at 2805 Dallas Parkway, Plano, Texas 75093.

Helix is correct that Microchip is a Delaware corporation, but it is incorrect that Microchip maintains an established place of business at 2805 Dallas Parkway in Plano.

**II.   LEGAL STANDARD**

A party may challenge venue by asserting that venue is improper in a responsive pleading or by filing a motion. Fed. R. Civ. P. 12(b)(3). A court may decide whether venue is proper based upon "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced

in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laport*, 536 F.3d 439, 449 (5th Cir. 2008)).

"Section 1400(b) is unique to patent law, and 'constitute[s] the exclusive provision controlling venue in patent infringement proceedings' . . . ." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (quoting *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017)) (alterations in original). Under § 1400(b), venue is proper based on (1) "where the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For the former, a domestic corporation resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1520.

When determining whether a defendant "has a regular and established place of business," there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360. Finally, "the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

**III.   ARGUMENT**

Helix's Complaint should be dismissed because venue in this district is improper. Microchip does not "reside" nor have a "regular or established place of business" in this district. Helix concedes Microchip is a Delaware corporation and relies on a location that Microchip has not occupied since 2020 to establish a physical place in this district.

The entirety of Helix's allegations regarding venue are:

> 3. Defendant Microchip Technology Incorporated is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 2805 Dallas Parkway, Plano, Texas 75093.

> \*     \*     \*
>
> 7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

D.I. 1, ¶¶ 3, 7.

A domestic corporation resides only in its state of incorporation. *See TC Heartland*, 137 S. Ct. at 1520. Microchip is incorporated in Delaware and thus does not reside in Texas—it resides in Delaware. *See* D.I. 1, ¶ 3; Declaration of Andrew Morris ("Morris Decl.") ¶ 3. Thus, venue is not proper in Texas under 28 U.S.C. § 1400(b)(1) ("where the defendant resides").

Next, Helix alleges Microchip maintains an established place of business at 2805 Dallas Parkway, Plano, Texas. D.I. 1, ¶¶ 3, 7. To establish a regular and established place of business, Helix must first establish "a physical place in the district." *Cray*, 871 F.3d at 1360. Furthermore, it must establish a physical place in the district on the date the complaint was filed. *See Personalized Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 930 (E.D. Tex. 2017) ("[V]enue under § 1400(b) should be analyzed based on the facts and circumstances that exist on the date suit is filed.").

Helix misses the mark by several years. When the suit was filed on August 4, 2024, Microchip was not leasing office space at 2805 Dallas Parkway, Plano, Texas, or any other location in this district. Morris Decl. ¶ 6. Microchip's lease at 2805 Dallas Parkway was terminated in 2020. *Id.*

In more detail, Microsemi Corporation[1] ("Microsemi") leased office space at 2805 Dallas Parkway from approximately 2015 to 2020. *Id.*, Exhibits 1, 2. On April 25, 2017, Microsemi

---

[1] Microchip acquired Microsemi as a wholly owned subsidiary in 2018. Morris Decl. ¶ 7.

entered into an amended lease with a commencement date of July 1, 2017, and a termination date of August 31, 2020. *Id.*, Exhibits 2, 3. Neither Microsemi nor Microchip renewed the lease for 2805 Dallas Parkway, Plano, Texas after it expired on August 31, 2020. *Id.* ¶ 6.

Microchip resides in Delaware and was not leasing office space at 2805 Dallas Parkway, Plano, Texas at the time the complaint was filed. Accordingly, Helix has not met its burden to establish proper venue in this district,[2] and Microchip requests that the Court dismiss Helix's Complaint under Rule 12(b)(3).

Dated: August 8, 2024                                           Respectfully submitted,

                                                                */s/ Brian C. Banner*
                                                                Brian C. Banner (TX Bar No. 24059416)
                                                                bbanner@sgbfirm.com
                                                                SLAYDEN GRUBERT BEARD PLLC
                                                                401 Congress Ave., Suite 1650
                                                                Austin, TX 78701
                                                                tel: 512.402.3550
                                                                fax: 512.402.6865
                                                                *Attorney for Defendant*

---

[2] Counsel for Helix knows that Microchip has not maintained an established place of business at 2805 Dallas Parkway, Plano, Texas since 2020. Earlier this year, Mr. Rabicoff filed a lawsuit in this Court naming Microchip as Defendant. *See LED Apogee LLC v. Microchip Technology Incorporated*, 6:24-cv-00020 (E.D. Tex. Jan. 12, 2024). Microchip filed a near copy of this motion to dismiss for improper venue explaining that Microchip terminated the 2805 Dallas Parkway lease in 2020 and that venue was improper. *See id.*, D.I. 6. The plaintiff (and Mr. Rabicoff) voluntarily dismissed that lawsuit before having to respond to Microchip's motion to dismiss. *See id.*, D.I. 7.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of August 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                                  /s/ *Brian C. Banner*
                                                                  Brian C. Banner
                                                                  *Attorney for Defendant*